JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC 17 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

RELEASED FOR PUBLICATION

DOCKET NO. 657

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH AT DALLAS/FORT WORTH AIRPORT ON AUGUST 2, 1985

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, JR., S. HUGH DILLIN, MILTON POLLACK, AND LOUIS H. POLLAK, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of 22 actions[1] pending in four federal districts as follows:

| | |
|---|---|
| Southern District of Florida | 15 |
| Northern District of Texas | 5 |
| Southern District of Texas | 1 |
| District of Utah | 1 |

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Delta Air Lines, Inc. (Delta) to centralize these actions in the Northern District of Texas for coordinated or consolidated pretrial proceedings.[2] Plaintiffs in five Florida actions have cross-moved to centralize the actions in the Southern District of Florida. Most responding parties agree that centralization is appropriate; however, they disagree regarding the choice of the appropriate transferee district. In addition to movant Delta, defendants Lockheed Aircraft Corp. (Lockheed), Enterprise Aviation, Inc. and Rufus Lewis as well as plaintiffs in two actions pending in the Northern District of Texas and one action pending in the Southern District of Florida support centralization in the Texas forum. In addition to cross-movants, plaintiffs in five actions pending in the Southern District of Florida favor centralization there. Plaintiff in one action pending in the Southern District of Texas opposes Section 1407 transfer.

---

[1] The motion, as amended, included a total of 24 actions. Two of these actions, Judy Cassedy, et al, v. Delta Air Lines, Inc., C.D. California, C.A. No. CV85-6366-KN (Kx), and Reed Bunzel, et al v. Delta Air Lines, Inc., C.D. California, C.A. No. 85-C-1112A, were recently remanded to California state court. Accordingly, the question of transfer with respect to these actions is moot.

[2] The Panel has been advised of the pendency of several recently filed related actions. These actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

-2-

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Northern District of Texas will best serve the convenience of parties and witnesses and promote the just and efficient conduct of this litigation. These actions arise from the August 2, 1985 crash on approach to Dallas/Fort Worth International Airport of a Lockheed L-1011 aircraft operated by Delta, in which numerous persons aboard the aircraft and one person on the ground were killed and several persons were injured, and share factual questions concerning the cause or causes of the accident. Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Texas is the most appropriate transferee forum. We note that the crash occurred within that district and that pertinent witnesses and documents may be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Northern District of Texas be, and the same hereby are, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable David O. Belew, Jr. for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

SCHEDULE A

MDL-657 -- In re Air Crash at Dallas/Fort Worth Airport on August 2, 1985

Southern District of Florida

Esther Ledford, et al. v. Delta Air Lines, Inc.,
  C.A. No. 85-6601-Civ-JAG
Annie Edwards v. Delta Air Lines, Inc.,
  C.A. No. 85-6625-Civ-SMA
Robert Katz, et al. v. Lockheed Aircraft Corp., et al.,
  C.A. No. 85-6638-Civ-NCR
Homer LeVar, etc. v. Delta Air Lines, et al.,
  C.A. No. 85-6666-Civ-SM
John Reynolds, etc. v. Delta Air Lines, et al.,
  C.A. No. 85-6667-Civ-JCP
Gilbert G. Greene v. Delta Air Lines, Inc.,
  C.A. No. 85-6656-Civ-JAG
Andria Goodkin, etc. v. Delta Air Lines, Inc.,
  C.A. No. 85-6639
Gary Johnson, etc. v. Lockheed Corp.,
  C.A. No. 85-6715-Civ-NCR
Thomas Kenneth Jurkowski, et al. v. Delta Air Lines, Inc.,
  C.A. No. 85-6713
Katharen Reynolds, et al. v. Delta Air Lines, Inc.,
  C.A. No. 85-6714-Civ-JCP
Robert Klein, etc. v. Delta Air Lines, Inc.,
  C.A. No. 85-3217-Civ-JLK
Robert Klein, etc. v. Delta Air Lines, Inc.,
  C.A. No. 85-3218-Civ-CA
William B. Baner etc. v. Delta Air Lines, Inc.,
  C.A. No. 85-3219-Civ
William B. Baner, etc. v. Delta Air Lines, Inc.,
  C.A. No. 85-3220-Civ-JWK
Jaswant S. Bahatti, et al. v. Delta Air Lines, Inc.,
  C.A. No. 85-6770-Civ

Northern District of Texas

Dean Lavern Shawl, etc. v. Delta Air Lines, Inc.,
  C.A. No. CA-4-85-520-K
Cynthia Zoe Dahl v. Delta Air Lines, et al.,
  C.A. No. CA-3-85-1611-T
Kristin Lori Schatz, etc. v. Delta Air Lines, Inc.,
  C.A. No. CA3-85-1758-G
Charles H. Polk, et al. v. Delta Air Lines, Inc.,
  C.A. No. CA3-85-1779-D
Ronald Harris, et al. v. Delta Air Lines, Inc.,
  C.A. No. CA3-85-1941-G

SCHEDULE A (cont'd)

Southern District of Texas

Christopher John Meir, et al. v. Delta Air Lines, et al.,
C.A. No. H-85-4996

District of Utah

Shaun McLaughlin, et al. v. Delta Air Lines, Inc.,
C.A. No. 85-C-1112A